```
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

Franky Rojas

    v.                                    Civil No. 13-cv-495-JL

Hillsborough County Superior Court,
Northern District, and
Patricia M. LaFrance, Hillsborough
County Attorney

### REPORT AND RECOMMENDATION

Before the court is pro se petitioner Franky Rojas's petition for writ of habeas corpus (doc. no. 1), which cites 28 U.S.C. § 2254 as the source of this court's authority.  Rojas is challenging his pretrial detention on a first degree assault charge pending in state court.  He seeks immediate release, alleging that the pending prosecution and detention violate his federal rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments.  The petition is here to determine whether or not Rojas's claims are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

Discussion

I. Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

II. Background

Rojas was charged with first degree assault in 1997. In 1998, Rojas failed to appear for a bail hearing in that case, which has remained pending. Rojas was extradited to New Hampshire in 2012 and detained pretrial on the assault charge. Rojas now challenges that detention.

III. Abstention

This court must abstain from considering Rojas's petition, whether construed as filed under 28 U.S.C. § 2241 or under

§ 2254,[1] as Rojas has not asserted any of the types of claims that would allow this court to interfere with a pending state court prosecution. "Ordinarily, a state criminal case is ripe for the ministrations of a federal habeas court only after completion of the state proceedings (that is, after the defendant has been tried, convicted, sentenced, and has pursued available direct appeals)." Allen v. Att'y Gen., 80 F.3d 569, 572 (1st Cir. 1996). The two recognized exceptions to that general rule are certain cases involving either a colorable double jeopardy claim challenging the government's right to try the petitioner, or a speedy trial claim where the relief sought is an immediate trial rather than a release from custody. See id.; see also In re Justices of Super. Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 18 n.5, 19 (1st Cir. 2000).

Rojas's claims here include a speedy trial claim where the relief sought is immediate release from detention. That claim is not ripe for adjudication, and this court must abstain from considering it at this time. See In re Justices, 218 F.3d at 18 n.5 (when a petitioner, asserting speedy trial act claims,

---

[1] See Higgins v. R.I., 187 F.3d 622, 1998 WL 1085812, at *1 (1st Cir. 1998) (unpublished table opinion) ("prisoner may properly bring a *pretrial* habeas petition under 28 U.S.C. § 2241, which empowers a district court to issue a habeas writ before a judgment is rendered in a criminal proceeding (emphasis in original)); accord Gonzalez v. Justices of Mun. Ct. of Boston, 382 F.3d 1, 6 (1st Cir. 2004), vacated and remanded, 544 U.S. 918 (2005), and adhered to, 420 F.3d 5, 10 (1st Cir. 2005).

"seeks dismissal of the charges against him, his habeas action must await the conclusion of state proceedings").

Rojas has also cited the Double Jeopardy Clause in his petition. The claim, however, does not actually assert that a trial in the matter for which he is detained would deprive him of any right guaranteed by the Double Jeopardy Clause. Rather, the claim boils down to a statute of limitations claim: an assertion that the first degree assault charge is time-barred, thus preventing the state from trying him on that charge at this time. Claims challenging criminal charges based on alleged statute of limitations violations are not exempt from the general prohibition on pretrial habeas relief. Because no colorable claim in Rojas's petition provides grounds for granting federal habeas relief pretrial, the district judge should abstain from considering the petition and should dismiss this action without prejudice as unripe.[2]

---

[2] To be eligible for habeas relief, Rojas must show that he has exhausted the remedies available to him in the state courts on his federal claims. See 28 U.S.C. § 2254(b)(1); see also Higgins, 1998 WL 1085812, at *1 ("§ 2241 habeas petition[er] must exhaust his available state court remedies" (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973)). Rojas has not demonstrated that state corrective processes are unavailable or ineffective. Nor has he sought review of any of his claims in the New Hampshire Supreme Court. His failure to exhaust available state court remedies is an alternate basis for dismissing the petition without prejudice.

<u>Conclusion</u>

For the foregoing reasons Rojas's petition (doc. no. 1) should be dismissed without prejudice to Rojas filing a timely, proper habeas action if, after the resolution of his criminal case and exhaustion of available state remedies, he asserts that he is in custody in violation of his federal rights.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

November 22, 2013

cc:  Franky Rojas, pro se

LBM:nmd